## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**HARRIS FONTZ PROSPER,
ALIEN # 091-443-695,**

      **Petitioner,**

**vs.**                                                      **Case No. 4:09cv37-MP/WCS**

**ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,**

      **Respondents.**

_____/


## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 on January 30, 2009.  Doc. 1.  Petitioner, who was housed at the Wakulla County Jail in Crawfordville, Florida, alleged he is a native of the Bahamas, that he had been in detention for more than six months, and claimed Respondents were unable to effect his removal, would not be able to do so in the reasonably foreseeable future, yet refused to release him.  *Id.*, at 2.  Petitioner did not challenge the removal order, only his indefinite detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  *Id.,* at 1-2.

Finding the petition sufficient, service was directed on March 9, 2009.  Doc. 3.

After several orders were returned to the Court as being undeliverable, docs. 6 and 13,

Petitioner filed a notice of change of address on April 2, 2009, which actually indicated

he was *still* at the Wakulla County Jail.  Doc. 14.  Respondents also confirmed that

Petitioner was still in detention at the Jail, doc. 15, and should have received all court

orders.  It is unknown why mail was returned, but at that time, Petitioner was still in

custody in Wakulla and on April 7, 2009, Petitioner was provided the orders that had

been returned as undeliverable.  Doc. 16.

On May 8, 2009, Respondents filed a motion to dismiss the § 2241 petition,

explaining that Petitioner was "released from the custody of Immigration and Customs

Enforcement (ICE) on May 6, 2009."  Doc. 17, p. 1.  The motion explains that Petitioner

was released "because the government of Bahamas declined to issue Petitioner travel

documents."  *Id.*, at 2.  Attached to the motion is an Order of Supervision indicating

Petitioner was released on May 6, 2009.  Doc. 17-2.  The attachment also provides an

address for Petitioner in Miami, upon release.  *Id.*  Doc. 17-2, p. 3.

Therefore, as Petitioner has been afforded the relief sought, this § 2241 petition

should now be dismissed as moot.  The Clerk of Court will be directed to provide a copy

of this report and recommendation to Petitioner at his address of record, and at the

address listed on the Order of Supervision (Ex. 1), doc. 17-2, p. 3.  If Petitioner does not

contest this dismissal, he need take no further action and this case will be dismissed.  If

Petitioner, however, should contest this dismissal, he must respond to this report and

recommendation within fifteen (15) days.

Accordingly, it is **ORDERED** that the Clerk of Court shall send a copy of this report and recommendation to Petitioner at his address of record, and to the address provided by Respondents in the Order of Supervision, Exhibit 1, attached to the motion to dismiss.  Doc. 17-2, p. 3.

**RECOMMENDATION**

In light of the demonstration by Respondents that Petitioner has been afforded the relief sought in this § 2241 petition, release from detention, it is respectfully **RECOMMENDED** that the petition, doc. 1, filed by Harris Fontz Prosper, A091-443-695, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**